**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN MONROE, | ) NO. CV 07-5795-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on September 14, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 17, 2007. Plaintiff filed a motion for summary judgment on

February 28, 2007. Defendant filed a motion for summary judgment on March 20, 2007. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed September 18, 2007.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former data entry clerk, asserts disability based on, inter alia, alleged mental impairments (Administrative Record ("A.R.") 89-91, 99, 127, 130-31, 424-25). In denying benefits, the Administration found Plaintiff had no severe mental impairment (A.R. 16, 474).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

---

[1] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

2

>	An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .
>
>	Great care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.
>
>	If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.  SSR 85-28 at 22-23.

See also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (error to find impairment not severe when medical evidence is "ambiguous"); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

///

1         In the present case, the medical evidence does not "clearly
2    establish [ ]" the non-severity of Plaintiff's alleged mental
3    impairments.  The medical evidence includes the results of MMPI
4    testing, which strongly suggest more than mild symptoms (A.R. 410);
5    see Walker v. Barnhart, 2006 WL 4056761 at *6 (D. Kan. July 31, 2006)
6    (MMPI testing constitutes objective medical evidence) (citations and
7    quotations omitted).  A licensed clinical social worker assessed
8    Plaintiff's global assessment of functioning ("GAF") at 45 (A.R.
9    254).  "A GAF between 41 and 50 indicates serious symptoms (e.g.,
10   suicidal ideation, severe obsessional rituals, frequent shoplifting)
11   or any serious impairment in social, occupational, or school
12   functioning (e.g., no friends, unable to keep a job)."  Morgan v.
13   Commissioner, 169 F.3d 595, 598 n.1 (9th Cir. 1999); see also
14   Castaneda v. Apfel, 2001 WL 210175 *3 (D. Or. Jan. 18, 2001) (GAF of
15   45 "is indicative of a disabling level of impairment").  The record
16   contains considerable conflicting evidence, but these conflicts in
17   the evidence do not "clearly establish" the non-severity of
18   Plaintiff's alleged mental impairments.  Accordingly, the
19   Administration's decision violated SSR 85-28 and the Ninth Circuit
20   authorities cited above.

22        When a court reverses an administrative determination, "the
23   proper course, except in rare circumstances, is to remand to the
24   agency for additional investigation or explanation."  INS v. Ventura,
25   537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
26   proper where, as here, additional administrative proceedings could
27   remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
28   599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

4

1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 24, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that a reversal and remand for the immediate payment of benefits would not be appropriate at this time.